UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

KENNETH S. LERNER d/b/a ROYAL
PALM DISTRIBUTORS, CORP.,

Debtor.

Case No.: 822-71688 (AST)

CHAPTER 7

------------------------------------------------------------X

## NOTICE OF MOTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE TO AVOID JUDGMENT LIEN

**PLEASE TAKE NOTICE** that upon the Affirmation submitted by Michael L. Previto, Attorney for the Debtor, KENNETH S. LERNER, will move this Court, the United States Bankruptcy Court, Eastern District of New York, before the Honorable Alan S. Trust in Courtroom 960 at the Courthouse located at 290 Federal Plaza, Central Islip, New York 11722 on the 9th day of May 2023, at 10:30 AM in the forenoon, for an Order pursuant to 11 U.S.C. 522(f) avoiding the Judicial Lien of Robert Brierley and Northeast Energy Reduction Corporation, and or any assignee thereof (collectively "Brierley") filed in Suffolk County with respect to the Debtor's interest in the real property located at 1 Crystal Court, Smithtown, New York 11787 and for such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, any opposition to Mr. Lerner's application shall be filed as follows: (a) (i) through the Bankruptcy Court's Electronic Filing System (in accordance with Order No. 476), which may be accessed through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number,

1

type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in Word format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and a hard copy shall be served upon the counsel for Kenneth S. Lerner, Michael L. Previto, Esq., 150 Motor Parkway, Suite 401, Hauppauge, New York 11788, the Office of the United States Trustee, Alfonse M. D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before April 6, 2023.

**PLEASE TAKE FURTHER NOTICE**, that opposition to this motion must be received no later than 7 days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE**, that effective the week of March 7, 2022, all of the Judges will begin utilizing eCourt Appearances system for regular calendar matters beginning the week of March 7, 2022. Attorneys with a CM/ECF account may find the program below or in the "Utilities" menu after logging on to CM/ECF, while pro se parties may find the instructions using the following link: https://ecf.nyeb.uscourts.gov/cgi-in/nyebAppearances.pl. Please refer to each Judge's homepage on the Court's website for any questions regarding the use of eCourt Appearances system.

Dated: March 27,2023

                                              Michael L. Previto
*Attorney for the Debtor*
150 Motor Parkway, Suite 401
Hauppauge, NY 11788
(631) 379-0837

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In Re:                                                                   Chapter 7

Kenneth S. Lerner d/b/a Royal Palm                        Case No. 822-71688-AST
Distributors Corp.,

        Debtor.                                                    Affirmation in Support

-----------------------------------------------------------------X

        Michael L. Previto, duly affirms under the penalties of perjury as follows:

    1.    I am an attorney admitted to practice law in the United States District Court for the Eastern District of New York and am the Debtor's counsel. I am familiar with the facts and circumstances set forth herein.

    2.    This affirmation is submitted in support of the Debtor's motion for an order pursuant to §522(f) of the Bankruptcy Code: (a) avoiding the judicial lien of Robert Brierley and Northeast Energy Reduction Corporation (collectively, "Brierley") with respect to the Debtor's interest in real property located at 1 Crystal Court, Smithtown, New York 11787; and (b) grant such other and further relief as this Court deems just and proper.

    3.    The Court has jurisdiction over this Application pursuant to U.S.C. §§157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

    4.    Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

    5.    This proceeding has been initiated pursuant to Bankruptcy Code §§105(a), 350 and 522(f).

6. On April 6, 2001, the Debtor and Suzanne Lerner purchased their residence located at 1 Crystal Court, Smithtown, New York 11787 (the "Property"). A copy of the Deed is annexed hereto as Exhibit "A." The Property is presently owned by the Debtor and Suzanne Lerner.

7. On June 24, 2016, Robert Brierley and Northeast Energy Reduction Corporation (collectively, "Brierley") obtained a Judicial Lien against the Debtor in the Suffolk County Supreme Court in the amount of $524,670.11. A copy of Brierley's Judgment is annexed hereto as Exhibit "B."

8. On July 10, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code").

9. Schedule D indicates the value of the Property at $885,000.00. Allan Mendelsohn, the Bankruptcy Trustee, sought to sell the Property and had agreed to sell it to an arms-length purchaser for the sum of $800,000.00. That offer was the highest offer received by the Trustee after extensive marketing by the Trustee's broker. A copy of that contract that was executed by the proposed purchaser is annexed hereto as Exhibit "C." The Debtor asserts that the value of the Property is no more than $800,000.00.

10. The Debtor asserted a homestead exemption with respect to the Property under §522 of the Bankruptcy Code. The Debtor's first mortgagee is owed, as of March 31, 2023, $273,021.27 based on a Judgment of Foreclosure. A copy of the Judgment of Foreclosure and payoff letter is annexed hereto as Exhibit "D."

11. The Debtor asserts that it is appropriate to accord relief to the Debtor with respect to his request to remove the Judgment Lien.

12. Bankruptcy Code §522(f)(1)(A) states as follows:

> Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is -
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

13. The judgment lien on the Debtor's Residence is impairing his homestead exemption and should, therefore, be avoided.

14. Using the formula provided by Section 522(f)(1) and the information set forth herein, the analysis would be as follows:

> Brierley - $524,670.11 (amount of lien to be avoided), plus $273,021.27 (amount of first mortgage), plus $179,950.00 (homestead exemption) - Subtotal of $977,641.38 minus $400,000.00 (Debtor's interest in the Property) equals $577,641.38 (judicial lien that is avoidable).

15. Thus, according to this formula, the judgment lien of Brierley should be voided.

16. The judgment lien against the Property is an obstacle to the fresh start that every Chapter 7 Debtor is entitled.

17. Accordingly, the Debtor respectfully requests that this Court declare the non-consensual pre-petition judgment lien is null and void and of no further force and effect with respect to the Property or to any property in which the Debtor may acquire an interest.

18. No prior application has been made to this or any other Court for relief requested herein, except for the motion made by the Debtor on August 4, 2022 that was withdrawn.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Debtor's motion in its entirety and grant such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 13, 2023

_____
Michael L. Previto